CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

MAY 14 2007

JOHN F. CORCORAN, CLERK
BY: J. Bright
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ISRAEL RAY COOPER,<br>    Plaintiff, | Civil Action No. 7:07cv00160 |
| v. | **MEMORANDUM OPINION AND ORDER** |
| TRACY S. RAY, et al.,<br>    Defendants. | By: Samuel G. Wilson<br>United States District Judge |

This matter is before the court upon plaintiff's motion for a temporary restraining order [Docket #14]. Plaintiff requests that this court issue an order prohibiting the defendants from "all unwarranted contact," including "daily shakedowns as has been ordered by Tracy S. Ray . . . ." He also asks the court to order the defendants to give him "uninhibited access to the law library," which Cooper is currently suspended from using. Finally, he wants the defendants to "cease any [and] all tampering, reading, [and/or] delaying of legal mail documents . . . ." The court finds no basis for granting injunctive relief and, therefore, denies Cooper's motion.

Preliminary injunctive relief is an extraordinary remedy that courts should apply sparingly. See Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 811 (4th Cir. 1991). In determining whether preliminary injunctive relief should be granted, the court applies the "balance of hardship" test. Wetzel v. Edwards, 635 F.2d 283, 287 (4th Cir. 1980). Under this test, the court should consider four factors: 1) whether the plaintiff will suffer irreparable harm if the relief is not granted; 2) the likelihood of harm to the defendant if relief is granted; 3) the likelihood that plaintiff will eventually succeed on the merits; and 4) whether public interest lies with granting relief. Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Mfg., Co., 550 F.2d 189, 195 (4th Cir. 1977). The plaintiff must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd., 952 F.2d at 812. Without

a showing that plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 360 (4th Cir. 1991).

In his request for a temporary restraining order, plaintiff has not alleged any facts which suggest he is likely to suffer imminent, irreparable harm.[1] Accordingly, it is hereby

**ORDERED**

that plaintiff's motion for a temporary restraining order is **DENIED**.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion and Order to plaintiff.

ENTER: This May 14, 2007.

_____
United States District Judge

---

[1] Temporary restraining orders are issued only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond. See Rule 65(b), Fed. R. Civ. P. Such an order would only last until such time as a hearing on a preliminary injunction could be arranged. As it is clear from the outset that petitioner is not entitled to a preliminary injunction, the court finds no basis upon which to grant him a temporary restraining order.